**Carlos Isidro CONTRERAS–MARROQUIN, Petitioner,**

v.

**John ASHCROFT, Respondent.**

No. 02–71523.

INS No. A72–099–545.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 20, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Carlos Isidro Contreras–Marroquin, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal from an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition for review.

We review for substantial evidence a determination that an applicant has not established eligibility for asylum, and must uphold that decision unless the evidence compels a contrary result. *Molina–Mor-*

nies Contrera–Marroquin's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*ales v. INS*, 237 F.3d 1048, 1050 (9th Cir. 2001). We review de novo due process challenges to final orders of removal. *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001).

Substantial evidence supports the IJ's conclusion that Contreras–Marroquin failed to establish past persecution on account political opinion, imputed political opinion, or membership in a social group. *See Molina–Morales*, 237 F.3d at 1051–52.

Substantial evidence also supports the IJ's determination that Contreras–Marroquin failed to demonstrate an objectively reasonable fear of persecution in light of current country conditions. *See Kazlauskas v. INS*, 46 F.3d 902, 906 n. 3 (9th Cir.1995) ("Fundamental social or political changes in the applicant's homeland are highly relevant to the likelihood of future persecution").

Because Contreras–Marroquin failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 907.

Substantial evidence supports the IJ's conclusion that Contreras–Marroquin failed to show that it was more likely than not that he would be tortured upon returning to Guatemala, and therefore was not entitled to relief under the Convention. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

The BIA properly concluded that the IJ did not deprive Contreras–Marroquin of due process by conducting the asylum hearing before Contreras–Marroquin obtained counsel because the IJ granted Contreras–Marroquin three continuances and over four months to obtain counsel.

*See Vides–Vides v. INS*, 783 F.2d 1463, 1469–70 (9th Cir.1986).

Contreras–Marroquin's motion to abate the appeal pending the disposition of his motion to reopen before the BIA is denied. *See Stone v. INS*, 514 U.S. 386, 394–95, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

**PETITION FOR REVIEW DENIED.**